UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

CIVIL ACTION NO. 6:05-CV-672-KKC

ANTHONY PRATT                                                                                  PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

D. STINE, Warden                                                                              RESPONDENT

\*\*   \*\*   \*\*   \*\*   \*\*

Anthony Pratt ("Pratt"), a *pro se* petitioner, is incarcerated at the United States Prison-McCreary in Pine Knot, Kentucky. He has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 district court filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

**BACKGROUND**

Pratt asserts that he pleaded guilty to and was convicted under 18 U.S.C. §1344(1), (2) in the United States District Court for the Eastern District of Wisconsin. In his petition, Pratt asserts that

the trial court in Case Nos. 92-CR-186, 93-CR-134M, and 95-CR-143 should have ordered that each defendant be responsible for restitution on an individual, rather than joint, basis, and that his counsel was ineffective for failing to challenge the trial court's actions in doing so. Petitioner indicates that he has not previously raised these claims, either on direct appeal or by way of a post-conviction motion to vacate.

## DISCUSSION

Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). As Pratt challenges the restitution imposed by his sentence, he ordinarily would raise this claim through a post-conviction motion under 28 U.S.C. §2255. Although he does not expressly invoke the "savings clause" of Section 2255, 28 U.S.C. §2255, ¶5, the Court construes Pratt's petition to include an assertion that his remedy under Section 2255 "is inadequate or ineffective to test the legality of his detention" in order to invoke this Court's jurisdiction under Section 2241. Because Pratt acknowledges that his claims in this proceeding have not been presented before, the Court must determine whether his remedy under Section 2255 is "inadequate or ineffective" before he is entitled to their consideration on the merits.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that Section 2241 is not a "catch all" remedy, but is available only upon the petitioner's demonstration that his Section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The Court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence

2

under pre-existing law. *Id.; see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified by holding that the "savings clause" may only be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id*. at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.").

In the instant case, Pratt simply challenges the trial court's determination to assess restitution jointly instead of individually. This is not a claim of "actual innocence" because Pratt's assertions, even if true, do not assert that the trial court convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin I*, 319 F.3d at 805; *Charles*, at 180 F.3d at 757; *Truss v. Davis*, 115 Fed.Appx. 772, 775 (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found §2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence."). Because the claims in Pratt's habeas corpus petition challenge the imposition of restitution, they do not present a facially-valid claim that he is actually innocent of the offense charged. Accordingly, the savings clause of Section 2255 does not permit him to pursue this claim in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

## **CONCLUSION**

Accordingly, it is **ORDERED** as follows:

(1)  Petitioner Pratt's petition for a writ of habeas corpus is **DENIED.**

(2)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

Dated this 2nd  day of February, 2006.

Signed By:
*Karen K. Caldwell*
United States District Judge